# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

**MARY REID, individually and on Behalf
of All Other Similarly Situated Employees;**

    **Plaintiff,**

**v.**                                    Case No. 3: 14-CV-42-J-20 JRK

**BURGER KING CORPORATION, a Florida
Corporation; and FIRST COAST FOODS, LLC,
a Florida Limited Liability Company,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MARY REID ("Reid" or "Plaintiff"), individually and on behalf of all other similarly situated employees', hereby sues Defendants, BURGER KING CORPORATION, a Florida Corporation ("BURGER KING"); and FIRST COAST FOODS, LLC, a Florida Limited Liability Company ("FIRST COAST FOODS" or together with Burger King the "Defendants"), and alleges as follows:

### NATURE OF ACTION

1.    This action is brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") and the Florida Civil Rights Act of 1992, § 760.10 et seq, Florida Statutes ("FCRA"), to redress Defendants' unlawful employment practices, including sexual harassment and retaliation.

2.    The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers..." 29 U.S.C. §202(a).

3.     Similarly, Art. X §24 Fla. Const. was enacted in 2004 to provide "All working Floridians are entitled to be paid a minimum wage that is sufficient to provide a decent and healthy life for them and their families, that protects their employers from unfair low-wage competition, and that does not force them to rely on taxpayer."

4.     To achieve its goals, the FLSA and the Florida Constitution set minimum wage requirements which employers must pay to their employees.

## JURISDICTION AND VENUE

5.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1337, 1343 & 1345.

6.     This Court has personal jurisdiction over this action because the Defendants were and are engaged in a business enterprise conducting business within the State of Florida.

7.     Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. 1391(b) because the acts complained of herein took place in this District and Plaintiff worked in the State of Florida for the Defendants within the territory of the Middle District of Florida.

8.     Reid has performed all conditions precedent necessary to the maintenance of this action under the FCRA and Title VII, including the timely filing of a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") and receipt of a Notice of Right to Sue from same with respect to said charge and the timely filing of this action.

## PARTIES

9.      Reid is a female who was previously employed by Defendant First Coast Foods, LLC and resides in Nassau County, Florida at all times material to this action.

10.     Defendant Burger King Corporation is a Florida Corporation

11.     Defendant First Coast Foods, LLC, was Reid's employer within the meaning of the FCRA and Title VII at all times relevant to this action.

12.     Defendant Nettles was Reid's General Manager at all times relevant to this action.

13.     Defendant Warlick was Reid's manager at Burger King, operated by First Coast Foods, LLC., at all times relevant to this action.

## FACTUAL BACKGROUND

14.     Reid commenced employment with Defendant at its on or about December 1, 2012, working as a Crew Member.

15.     As a crew member, Reid was paid the applicable minimum wage in the state of Florida.[1]

16.     Defendants required Reid and similarly situated Crew Members to purchase "Burger King" shirts, wear specific black pants, and purchase specific types of shoes, without compensation or reimbursement.

17.     At all times material hereto, Reid successfully performed her job duties as a crew member.

---

[1] The Applicable minimum wage in the State of Florida was $7.21/hr (January 1, 2009 through July 23, 2009); $7.25/hr (July 24, 2009 through May 31, 2011); $7.31/hr (June 1, 2001 Through December 31, 2011); $7.67 (January 1, 2012 through December 31, 2012; and $7.79 (January 1, 2013 to present)

18.     Since the beginning of her employment, Reid has worked under the management of Warlick.

19.     Soon thereafter Warlick began focusing such inappropriate conduct towards Reid by making inappropriate and sexually suggestive comments, including physically grabbed her thigh and butt, and made comments telling new employees that "she likes to have her ass grabbed".

20.     Warlick has gone to Reid's residence without being invited, under the guise of seeing if Reid would be to work on time.

21.     Warlick wrote Reid up for insubordination, after an incident wherein she wouldn't flirt and engage in games along with him.

22.     In response to Warlick's inappropriate and sexually harassing behavior, Reid made a complaint of sexual harassment to her General Manager Al Nettles.

23.     Nettles replied that he did not want to deal with it.

24.     Warlick posted a message on Reid's boyfriend's Facebook page that he "likes to lick and fuck your girl". Reid contacted Nettles that night and reported this to Nettles than told her that "he would take care of it"

25.     Warlick's behavior toward Reid became hostel after this.  Warlick cut her hours, wrote her up, and had sent her home early on days she did work and eventually terminating her employment.

### COUNT I
### Failure to Pay Minimum Wage in Violation of the FLSA and
### Article X §24, Florida Constitution Collective Action Allegations

26.     Plaintiff realleges the factual allegations contained in paragraphs 1 through 25 as if fully set forth herein.

27.     Plaintiff brings this action as a collective action pursuant to the Fair Labor Standards Act § 216(b) and Art. X §24(e) on behalf of themselves and a class of persons consisting of "All persons who have worked as a crew member at any Burger King location operated by Defendants between January 9, 2009 and the date of final judgment in this matter."

28.     The claims of the Representative Plaintiffs are typical of the claims of the class members.

29.     The number of proposed Class is so numerous that a joinder of all members is impractical though the precise number of class individuals is presently in the sole possession of the Defendants.

30.     Plaintiffs and Opt-in Plaintiffs will fairly and adequately represent and protect the interests of the proposed Class members. Plaintiffs have retained counsel competent and experienced in complex class and collective actions along with employment litigation. There is no conflict between the Plaintiffs and the Class members.

31.     Common questions of law and fact exist as to the proposed Class that predominate over any questions only affecting them individually and include, but are not limited to, whether Defendants' policy requiring crew members to purchase uniforms without reimbursement violates the FLSA and Florida Minimum Wage Law.

32.     Class and Collective representation is superior to other available methods for the fair and efficient adjudication of the controversy for a number of reasons including but not limited to the following:  the case challenges the policy of the employer, and many employees  may be reluctant to bring claims individually for fear of retaliation; some class members may have only worked for the Defendant for a short period of time and their

5

individual damages would not be substantial enough to be worth the cost and effort of bringing individual claims; many class members will not have the resources to bring their claims individually; and it would be highly inefficient to require each employee affected by the practices challenged herein to bring his or her own individual claim.

WHEREFORE Plaintiff respectfully requests that the Court enter an order:

a) Conditionally certifying this case as a collective action in accord with 29 U.S.C. 216(b) with respect to Plaintiff's claims set forth in Count I;

b) Declaring that Defendants violated the applicable minimum wage law;

c) Grant judgment in favor of Plaintiff and other members of the collective action, and against Defendants on Plaintiff's FLSA claims as set forth in Counts I and awarding each of them the amount of their unpaid minimum wages; and an equal amount as liquidated damages;

d) Awarding Plaintiff a reasonable attorneys' fee pursuant to 29 U.,S.C. §216(b);

e) Awarding Plaintiffs the costs of this action AND

f) Granting such further relief as this Court deems just and appropriate.

### COUNT II
### HOSTILE WORK ENVIRONMENT SEXUAL HARASSMENT
### UNDER TITLE VII AND THE FCRA

33. Plaintiff re-alleges the factual allegations contained in paragraphs 1 through 25 as if fully set forth herein.

34. Plaintiff belongs to a protected group (female).

35. Plaintiff was subjected to unwelcome sexual harassment by Defendant based upon her sex. Plaintiff was subjectively offended by the abusive work environment and a reasonable person would have found Plaintiff's work environment hostile and abusive

based on the frequency of the discriminatory conduct, its severity, and because it unreasonably interfered with Plaintiff's work performance.

36.     Defendant's harassment of Plaintiff violated Title VII and the FCRA by subjecting her to a sexually hostile work environment which had the purpose or effect of altering the terms and conditions of Plaintiff's employment.

37.     Plaintiff suffered tangible job detriment when she was discharged through Defendant's pervasive sexual harassment.

38.     Defendant is subject to vicarious liability for all sexual harassment suffered by Plaintiff because they engaged in and/or ratified the conduct of supervisory personnel. Defendant is also directly liable for all sexual harassment against Plaintiff because it knew or should have known of the sexual harassment against Plaintiff and failed to take prompt remedial action which was reasonably calculated to end the harassment.

39.     Plaintiff has been damaged by the conduct of Defendant.

**WHEREFORE**, Plaintiff requests this Honorable Court to:

a)     Grant a permanent injunction enjoining Defendant from engaging in any employment practice violative of Title VII and the FCRA;

b)     Declare Defendant's conduct to be in violation of Title VII and the FCRA and order Defendant to institute policies, practices and programs which provide equal employment opportunities for individuals and which eradicate the effects of its past and present unlawful practices;

c)     Grant a judgment requiring Defendant to pay to Plaintiff any back wages and back benefits found to be due and owing to her at the time of trial,

compensatory damages in an amount to be proved at trial, punitive damages, and prejudgment interest thereon;

d)      Grant Plaintiff her costs (including expert fees) and an award of reasonable attorney's fees under Title VII and the FCRA; and

e)      Grant Plaintiff trial by jury and such further relief as the Court deems just and equitable.

## COUNT III
## RETALIATION IN VIOLATION OFTITLE VII AND THE FCRA

40.     Plaintiff re-alleges the factual allegations contained in paragraphs 1 through 25 as if fully set forth herein.

41.     Plaintiff belongs to a protected group (female) under Title VII and the FCRA.

42.     Plaintiff opposed the sexual harassment she had been subjected to and thereby engaged in protected activity under Title VII and the FCRA.

43.     Defendant's hostile and disparate treatment of Plaintiff and ultimate decision to terminate her employment were causally related to her protected opposition to the sexual harassment.

44.     Defendant's purported reasons for the disparate and/or retaliatory treatment of Plaintiff were a mere pretext for retaliation motivated by Plaintiff's opposition against the sexual harassment.

45.     Plaintiff has been damaged a direct and proximate result of Defendant's conduct.

**WHEREFORE**, Plaintiff requests this Honorable Court to:

a)      Grant a permanent injunction enjoining Defendant from engaging in any employment practice violative of Title VII and the FCRA;

b)    Declare Defendant's conduct to be in violation of Title VII and the FCRA and order Defendant to institute policies, practices and programs which provide equal employment opportunities for individuals and which eradicate the effects of its past and present unlawful practices;

c)    Grant a judgment requiring Defendant to pay to Plaintiff any back wages and back benefits found to be due and owing to her at the time of trial, compensatory damages in an amount to be proved at trial, punitive damages, and prejudgment interest thereon;

d)    Grant Plaintiff her costs (including expert fees) and an award of reasonable attorney's fees under Title VII and the FCRA; and

e)    Grant Plaintiff trial by jury and such further relief as the Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury as to all claims so triable.

Respectfully submitted,
**FELDMAN MORGADO, P.A.**

**Benjamin L. Williams**
FL Bar No: 0030657
**Feldman Morgado PA**
10151 Deerwood Park Blvd
Bldg 200, Suite 250
Jacksonville, FL 32225
(904) 240-4300
(904) 800-1188
Attorney for the Plaintiff

9